UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
WALTER TANNER,

            Plaintiff,

                                            **MEMORANDUM AND ORDER**
      v.                                     23-CV-9090 (RPK) (JAM)

ROCHDALE VILLAGE INC.,

            Defendant.
-----------------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

*Pro se* plaintiff Walter Tanner brings this action against Rochdale Village Inc. ("Rochdale"). For the reasons set forth below, Rochdale's motion to dismiss plaintiff's complaint is granted.

## BACKGROUND

### I. Factual Allegations

The factual allegations in the operative complaint are assumed true for the purposes of this order. Rochdale is a housing cooperative in Jamaica, Queens, and plaintiff is a resident and shareholder in the cooperative. Am. Compl. 1, ¶¶ 3–4 (Dkt. #13). Plaintiff submitted a maintenance request concerning water damage in his bathroom, which was acknowledged on September 6, 2019 but never answered. *Id.* ¶¶ 6–7. Plaintiff followed up with letters to the property management office and Rochdale Board of Directors but still did not receive an answer. *Id.* ¶¶ 8, 10. Plaintiff was similarly unable to set up a meeting with a Rochdale staff member concerning an application to transfer to another apartment unit, *id.* ¶ 9, or to receive minutes he requested from Board of Director meetings, *id.* ¶ 22.

Rochdale began eviction proceedings against plaintiff in 2020. *Id.* ¶ 11. Plaintiff sent various letters protesting the eviction and raising other grievances to Rochdale board members, but Rochdale continued with the eviction proceedings. *Id.* ¶¶ 12–19, 21. Plaintiff claims, "based on information from [a] confidential source," that a "management staff member harbor[ed] an unconscionable desire to evict plaintiff from his residence because he is a plaintiff in civil litigation against the Metropolitan Transportation Authority [("MTA")]." *Id.* ¶ 32. Plaintiff also claims that "said management staff member directed subordinate, front-line personnel not to do any work on plaintiff's unit because he was a sexual offender . . . and is the carrier of the human immunodeficiency virus (HIV)," although such statements concerning plaintiff's "character, criminal record, sexual inclinations and health status" are false. *Ibid.* Plaintiff alleges that through the actions of its officers and staff, Rochdale has caused him "distress," *id.* ¶¶ 25, 27, reputational damage, *id.* ¶ 33, and property damage, *id.* ¶¶ 34, 36.

## II.     State Court Action

In January 2023, plaintiff filed a complaint against Rochdale in New York Supreme Court, making most of these same factual allegations. *See* Mot. to Dismiss, Ex. E ("State Compl.") (Dkt. #20-7). Plaintiff claimed that Rochdale violated various provisions of its bylaws by "deliberately encumber[ing] plaintiff in living conditions contravening" bylaws standards, *id.* ¶ 32, by failing to perform its "duties in managing the cooperative," *id.* ¶ 36, by failing to exercise its authority in overseeing the cooperative "when plaintiff made requests and filed grievances," *id.* ¶ 38, by failing "to provide loyalty and care" to plaintiff, *id.* ¶ 40, and by generally "not exercising [its] duties," *id.* ¶ 42. Plaintiff also claimed that Rochdale violated New York Multiple Dwelling Law § 78 by not keeping plaintiff's unit in a state of good repair, *see* State Compl. ¶ 34; violated New York Not-for-Profit Corporation Law § 717 and New York Business Corporation Law § 717 by not

2

exercising its duties, *see* State Compl. ¶ 44; and violated New York Not-for-Profit Corporation Law § 621 and New York Business Corporation Law § 624 by withholding access to corporate books and records, *see* State Compl. ¶ 44.

In March 2023, the New York Supreme Court dismissed plaintiff's complaint against Rochdale pursuant to New York Civil Practice Law and Rules § 3211(a)(3), (5), and (7). *See* Mot. to Dismiss, Ex. H (Dkt. #20-10). The court denied a motion to vacate its dismissal in April 2023, "not[ing] that the issues raised by plaintiff should be addressed in the pending Landlord/Tenant matter between the parties." Mot. to Dismiss, Ex. I (Dkt. #20-11).

**III.     Federal Court Action**

In December 2023, plaintiff filed this lawsuit against Rochdale in federal court. *See* Compl. (Dkt. #1). Plaintiff claims that (1) Rochdale discriminated against him based on a perceived disability in violation of the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq.*, *see* Am. Compl. ¶ 37; (2) Rochdale discriminated against him based on a perceived disability in violation of Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12181–12189, *see* Am. Compl. ¶ 38; (3) Rochdale discriminated against him "in the provision of privileges in housing accommodation" in violation of New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 296, *see* Am. Compl. ¶ 39; (4) Rochdale violated New York City Human Rights Law ("NYCHRL") "by [e]nsuring plaintiff received disparate treatment in the accordance of privileges and service afforded to other shareholders," *see id.* ¶ 40; and (5) Rochdale's Board of Directors was "negligent and dismissed their fiduciary responsibilities, including not providing access to corporate books and records," in violation of New York Not-for-Profit Corporation Law §§ 621 and 717 and New York Business Corporation Law §§ 624 and 717,

3

*see* Am. Compl. ¶ 41. Plaintiff seeks $25 million in damages and the "[w]rite off" of "current arrears, debts and obligations." Am. Compl. 7.

Rochdale moves to dismiss plaintiff's claims under the *Rooker-Feldman* doctrine, under the doctrine of *res judicata*, as time-barred, and for failing to state a claim. *See* Mem. of L. in Supp. of Mot. to Dismiss (Dkt. #20-1).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) permits a party to move to dismiss a complaint for "lack of subject-matter jurisdiction." "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Lyons v. Litton Loan Servicing LP*, 158 F. Supp. 3d 211, 218 (S.D.N.Y. 2016) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). A motion to dismiss based on the *Rooker-Feldman* doctrine is a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). *See, e.g.*, *Morris v. Rosen*, 577 F. App'x 41, 42 (2d Cir. 2014). When considering a motion to dismiss under Rule 12(b)(1), a court takes as true the factual allegations in the complaint but does not draw inferences favorable to the party asserting jurisdiction. *See J.S. ex rel. N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 110 (2d Cir. 2004).

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint that "fail[s] to state a claim upon which relief can be granted." To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The facial "plausibility standard is not akin to a probability requirement," but it requires a plaintiff to allege sufficient facts to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ibid.* (citing *Twombly*, 550 U.S. at 556–57) (quotation marks omitted). In contrast, a

4

complaint fails to state a plausible claim when, as a matter of law, "the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or when, as a matter of fact, "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," *Iqbal*, 556 U.S. at 679. Though the court must accept all facts alleged in the complaint as true, it need not adopt "[t]hreadbare recitals of the elements of a cause of action" that are "supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. *Res judicata* and statute-of-limitations defenses are affirmative defenses that must generally be asserted in a defendant's answer but may be raised under Rule 12(b)(6) when those defenses are apparent from the face of the complaint. *Ellul v. Congregation of Christian Bros.*, 774 F.3d 791, 798 n.12 (2d Cir. 2014) (citation omitted) (statute of limitations); *see Day v. Moscow*, 955 F.2d 807, 811 (2d Cir. 1992) (*res judicata*). When a plaintiff proceeds *pro se*, his complaint must be "liberally construed," and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations and quotation marks omitted). *Pro se* status, however, "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (citation omitted). Moreover, "the policy requiring courts to liberally construe *pro se* complaints does not mandate that a court sustain every *pro se* complaint even if it is incoherent, rambling, and unreadable." *Avramham v. New York*, No. 20-CV-4441 (LLS), 2020 WL 4001628, at *2 (S.D.N.Y. July 15, 2020) (quotation marks and citation omitted).

## DISCUSSION

Rochdale's motion to dismiss the complaint is granted. The Court does not lack subject-matter jurisdiction over plaintiff's claims under the *Rooker-Feldman* doctrine. However, plaintiff

5

fails to state a claim under the FHA or ADA, and I decline to exercise supplemental jurisdiction over plaintiff's state-law claims.

**I.    The Rooker-Feldman doctrine does not bar plaintiff's claims.**

As a threshold matter, Rochdale errs in contending that the Court lacks subject-matter jurisdiction over plaintiff's claims under the *Rooker-Feldman* doctrine. Under that doctrine, "district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments." *Sung Cho v. City of New York*, 910 F.3d 639, 644 (2d Cir. 2018) (citation and quotation marks omitted). For a claim to be barred by *Rooker-Feldman*,

> four requirements must be met: (1) the federal-court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state-court judgment; (3) the plaintiff must invite district court review and rejection of that judgment; and (4) the state-court judgment must have been rendered before the district court proceedings commenced.

*Id.* at 644–45 (citation omitted). Here, plaintiff does not complain of injuries *caused* by a state-court judgment. While plaintiff raises the same factual allegations and some of the same legal claims that he raised in state court, the *Rooker-Feldman* doctrine "does not deprive a district court of subject-matter jurisdiction 'simply because a party attempts to litigate in federal court a matter previously litigated in state court.'" *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 86 (2d Cir. 2005) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005)).

**II.   Plaintiff's federal claims are dismissed for failure to state a claim.**

Because plaintiff has failed to state a claim under either of the federal causes of action alleged in his complaint, his federal claims are dismissed.

### A. Fair Housing Act

In his first cause of action, brought under the FHA, plaintiff claims that Rochdale discriminated against him "based on [its] perception of a disability." Am. Compl. ¶ 37.

6

Specifically, plaintiff alleges that an unnamed "management staff member" (1) "harbor[ed] an unconscionable desire to evict plaintiff from his residence because he is a plaintiff in civil litigation against the [MTA]," and (2) "directed subordinate, front-line personnel not to do any work on plaintiff's unit" because of a false perception that plaintiff was "a sexual offender" and HIV positive.  *Id.* ¶ 32.

The FHA "broadly prohibits discrimination in housing." *Gladstone Realtors v. Vill. of Bellwood*, 441 U.S. 91, 93 (1979). As relevant here, the FHA makes it unlawful "[t]o discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap," or "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap." 42 U.S.C. § 3604(f). "To establish discrimination under the FHA, 'plaintiffs have three available theories: [i] intentional discrimination (disparate treatment); [ii] disparate impact; and [iii] failure to make a reasonable accommodation.'" *Thompson v. CRF-Cluster Model Program, LLC*, No. 19-CV-1360 (KPF), 2020 WL 4735300, at *10 (S.D.N.Y. Aug. 14, 2020) (quoting *Tsombanidis v. W. Haven Fire Dep't*, 352 F.3d 565, 573 (2d Cir. 2003)).  Construed liberally "to raise the strongest arguments that [it] suggest[s]," *Triestman*, 470 F.3d at 474 (emphasis and citation omitted), the complaint in this action appears to allege discrimination under a disparate treatment theory.  "To establish a prima facie case of [disparate treatment] discrimination under . . . the FHA, a plaintiff must show that: (1) he is a member of a protected class; (2) that the defendant took adverse action against him; and (3) that the adverse action took place under circumstances giving rise to an inference of discrimination." *Mazzocchi v. Windsor Owners Corp.*, 204 F. Supp. 3d 583, 615 (S.D.N.Y. 2016); *see also Thompson*, 2020 WL 4735300, at *10 (noting that, to "survive a motion to dismiss," the plaintiff

7

must "allege facts that . . . 'can sustain a *minimal* burden of . . . suggesting an inference of discriminatory motivation.'" (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015))).

Plaintiff fails to state a disparate treatment claim under the FHA. First, the allegation that management staff desired to evict him because he was suing the MTA cannot form the basis of a discrimination claim, because litigants are not a protected class under any provision of the FHA. *See Dean v. Jones*, No. 9-CV-1102 (AC), 2010 WL 1873089, at *4 (D. Or. Mar. 2, 2010) ("'[I]ndividuals involved in litigation' is not a protected class under the Housing Act."), *report and recommendation adopted*, 2010 WL 1838962 (D. Or. Apr. 30, 2010). Second, the allegation that management staff directed personnel not to repair plaintiff's unit because of his perceived disability also falls short of the pleading standard. Among other defects, the complaint does not include sufficient factual allegations to give rise to an inference of discrimination. While plaintiff asserts that a certain unidentified "management staff member directed subordinate, front-line personnel not to do any work on plaintiff's unit because he was a sexual offender . . . and is the carrier of . . . HIV," plaintiff does not allege any facts to support that vague and speculative claim beyond stating that the allegation is "based on information from confidential source." Am. Compl. ¶ 32. Nowhere in the complaint does plaintiff explain, for example, why he believes that the management staff perceived him as being a sexual offender or HIV positive, or why he believes that the staff interfered with his maintenance request on that basis. Nor does he allege that other individuals were treated differently than he was. Where, as here, "[o]nly untethered speculation supports an inference of [discriminatory] animus," courts will "decline to engage in such speculation." *Francis v. Kings Park Manor, Inc.*, 992 F.3d 67, 74 (2d Cir. 2021) (en banc); *see also Jackson v. Cnty. of Rockland*, 450 F. App'x 15, 19 (2d Cir. 2011) (assertions that "lack any

8

factual foundation . . . are merely conclusory allegations masquerading as factual conclusions, which are insufficient to defeat a motion to dismiss" (citation and quotation marks omitted)).

### B. Americans with Disabilities Act

In his second cause of action, brought under Title III of the ADA, plaintiff claims that Rochdale "discriminated against [him] . . . with regards [to] affording privileges within a private housing development, based on perception of disability." Am. Compl. ¶ 38. Plaintiff bases his ADA claim on the same allegations described above: that an unnamed "management staff member" desired to evict him because of his litigation against the MTA, and that the staff member directed personnel not to repair plaintiff's unit because of a false perception that plaintiff was "a sexual offender" and HIV positive. *Id.* ¶ 32.

Plaintiff fails to state a discrimination claim under Title III of the ADA, which prohibits discrimination on the basis of disability in places of public accommodation. *See* 42 U.S.C. § 12182. "To state a claim under Title III, [plaintiff] must allege (1) that []he is disabled within the meaning of the ADA; (2) that defendants own, lease, or operate a place of public accommodation; and (3) that defendants discriminated against [him] by denying [him] a full and equal opportunity to enjoy the services defendants provide." *Camarillo v. Carrols Corp.*, 518 F.3d 153, 156 (2d Cir. 2008). Plaintiff's allegations come nowhere close to meeting this standard. Among other reasons, plaintiff has not pleaded that Rochdale is a place of public accommodation. To the contrary, plaintiff alleges that Rochdale is "a private housing development." Am. Compl. ¶ 38. For the purposes of claims brought under Title III of the ADA, "the term 'public accommodation' does not include residential facilities or apartment buildings." *Burke v. Verizon Commc'ns, Inc.*, 661 F. Supp. 3d 277, 297 (S.D.N.Y. 2023) (internal quotation marks and citation omitted), *aff'd sub nom. Burke v. Hous. & Servs., Inc.*, No. 23-635, 2024 WL 2207054 (2d Cir.

9

May 16, 2024); *see also Ball v. Hope E. of Fifth HDFC Inc.*, No. 23-CV-11189 (LTS), 2024 WL 493977, at *2 (S.D.N.Y. Feb. 8, 2024) ("Because this action . . . seems to involve only allegations of disability discrimination in the context of housing in a private apartment building . . . the Court does not construe Plaintiff's complaint as asserting claims under the ADA.").

### III.  I decline to retain jurisdiction over plaintiff's state-law claims.

Because I have dismissed plaintiff's federal claims, I decline to retain jurisdiction over plaintiff's state-law claims. Under 28 U.S.C. § 1367(c)(3), a "district court[] may decline to exercise supplemental jurisdiction . . . if [it] has dismissed all claims over which it has original jurisdiction." Four factors bear on whether it is appropriate to exercise supplemental jurisdiction: "judicial economy, convenience, fairness, and comity." *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 81 (2d Cir. 2018). As a general matter, where "a plaintiff's federal claims are dismissed before trial, the state claims should be dismissed as well." *Brzak v. United Nations*, 597 F.3d 107, 113–14 (2d Cir. 2010) (quotation marks and citation omitted); *see Pension Benefit Guar. Corp. ex rel. St. Vincent Cath. Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 726–27 (2d Cir. 2013). Plaintiff does not provide a persuasive reason to depart from the usual practice of declining to exercise supplemental jurisdiction once federal claims are dismissed. Accordingly, I decline to exercise supplemental jurisdiction over plaintiff's state-law claims.

### IV.  Plaintiff is granted leave to amend.

Plaintiff is granted leave to amend his complaint. "A *pro se* complaint should not be dismissed without the Court's granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013) (citation, quotation marks, and brackets omitted). While

plaintiff's complaint as currently pleaded fails to state a claim for relief, I cannot "rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Cruz v. Gomez*, 202 F.3d 593, 597–98 (2d Cir. 2000) (citation omitted). Any amended complaint must be filed within thirty days. The amended complaint must identify each legal claim and set forth a short, plain statement of the relevant facts supporting it. If plaintiff does not file an amended complaint within thirty days, or if the amended complaint fails to correct the deficiencies identified in this order, the action will be dismissed.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is granted, and plaintiff's complaint is dismissed. All further proceedings are stayed for thirty days. If plaintiff does not file an amended complaint within thirty days, judgment shall be entered dismissing the case.

SO ORDERED.

*/s/ Rachel Kovner*
RACHEL P. KOVNER
United States District Judge

Dated: December 19, 2024
      Brooklyn, New York